**CV 17 - 4431**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SHAMEEK CORBETT,

          Plaintiff,

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
NOEL DA'MICO, Shield # 12566, 75th Precinct,
NEW YORK CITY POLICE OFFICER
AIDOLINO, Shield # 3101, 75th Precinct,

          Defendant(s).
-------------------------------------------------------X

GARAUFIS, J.

MANN. M.J.

**COMPLAINT &
JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, SHAMEEK CORBETT, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ ♪ JUL 27 2017 ★
BROOKLYN OFFICE

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiff, SHAMEEK CORBETT is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER NOEL D'AMICO, Shield Number 12566, upon information and belief of the 75th Precinct, and NEW YORK CITY POLICE OFFICER AIDOLINO, upon information and belief also of the 75th Precinct, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICER NOEL D'AMICO and Defendant NEW YORK CITY POLICE OFFICER AIDOLINO are sued individually and in their official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICER NOEL D'AMICO and Defendant NEW YORK CITY POLICE OFFICER

AIDOLINO were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEWYORK CITY POLICE OFFICER D'AMICO and Defendant NEW YORK CITY POLICE OFFICER AIDOLINO were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers a s said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

**STATEMENT OF FACTS**

11. On August 26, 2014 at approximately 8:30 p.m. Plaintiff was the sole passenger inside of a motor vehicle which Plaintiff believed was being operated as a taxi, in the vicinity of Warrick Street between Glenmore and Pitkins Avenues in Kings County, when members of NEW YORK CITY POLICE DEPARTMENT, including named Defendants NEW YORK CITY POLICE OFFICER NOEL D'AMICO, Shield Number 12566, and NEW YORK CITY POLICE OFFICER AIDOLINO also of the 75th Precinct, ordered the driver of the vehicle to pull over approximately three minutes after the Plaintiff entered the vehicle. The driver pulled the vehicle over, striking a van in the process. The driver then proceeded to exit the vehicle and run away. The Plaintiff, upon observing this, immediately stuck both of his hands out the window of the vehicle so that the police could see that he was unarmed and not a threat to the officers. Four members of THE NEW YORK CITY POLICE DEPARTMENT, including named Defendants NEW YORK CITY POLICE OFFICERS NOEL D'AMICO and AIDOLINO, ordered the Plaintiff to get out of the vehicle at gun point and lay on the ground. The Plaintiff began to lay on the ground when Defendant NEW YORK CITY POLICE OFFICER D'AMICO told the Plaintiff that he was "resisting". Defendant NEW YORK CITY POLICE OFFICER D'AMICO proceeded to violently punch the Plaintiff in the back of the head with a closed fist while Defendant AIDOLINO placed his knee on the Plaintiff's neck. Defendant NEW YORK CITY POLICE OFFICER D'AMICO then forcefully bent the Plaintiff's arms behind his back. The Plaintiff was then flipped over and was violently kicked in the left side of his rib cage by the named Defendant Officers. The Plaintiff was handcuffed and thrown into a marked patrol car and transported to the 75th Precinct. While on the way to the 75th Precinct in the squad car the Plaintiff complained to the Police about the way they treated him whereupon a member of the NEW YORK CITY POLICE DEPARTMENT, who was Caucasian, told the Plaintiff in sum

and substance: "little nigger what are your going to do about it". The Plaintiff was subjected to a partial strip search after which he was transported to Central Booking. The Plaintiff was charged with Unauthorized Use of a Motor Vehicle (New York Penal Law Section 165.05(1) by named Defendant OFFICER D'AMICO, even though the vehicle was owned by a rental company and was not reported stolen and the Plaintiff was not observed driving the vehicle. At the Plaintiff's arraignment he was offered an Adjournment in Contemplation of Dismissal and the charges against him were dismissed on August 25, 2015. The Plaintiff suffered bruising and extreme pain to his head, neck, shoulders arms and ribcage as a result of being the actions of the named Defendant Officers.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Excessive Force.**

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER NOEL D'AMICO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER NOEL D'AMICO occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force**

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER AIDOLINO, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER AIDOLINO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendants NEW YORK CITY POLICE OFFICER NOEL D'AMICO and NEW YORK CITY POLICE OFFICER AIDOLINO acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully placing him under arrest for no lawful reason or cause.

20. That the actions of Defendants NEW YORK CITY POLICE OFFICER NOEL D'AMICO and NEW YORK CITY POLICE OFFICER AIDOLINO occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution- Due Process Violations

21. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One through Twenty Two (22) as if fully set forth herein.

23. Upon information and belief, the conduct of named Defendants NEW YORK CITY POLICE OFFICER NOEL D'AMICO and NEW YORK CITY POLICE OFFICER AIDOLINO, acting under color of State Law, violated Section 42 U.S. C. 1983 by unlawfully, and with malice, failing to inform Plaintiff of methods to complain about the alleged conduct of the Defendant Officers and instead calling Plaintiff a racial epithet.

24. that the actions of defendants NEW YORK CITY POLICE OFFICER NOEL D'AMICO and NEW YORK CITY POLICE OFFICER AIDOLINO occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### FIRST STATE LAW CLAIM

25. The Plaintiff incorporates by reference each of the allegations contained in paragraphs

One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER NOEL D'AMICO resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

27. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER AIDOLINO resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

29. The Plaintiff by reference incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein

30. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants, NEW YORK CITY POLICE OFFICER NOEL D'AMICO and NEW YORK CITY POLICE OFFICER AIDOLINO, which resulted in the detention, and injury to the Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICER NOEL D'AMICO and NEW YORK CITY POLICE OFFICER AIDOLINO.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: July 27, 2017
New York, NY

*/s/ Victor M. Brown*

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com